# United States District Court
# Central District of California

| | |
|---|---|
| JOSHUA RAEL, | Case No. 2:18-cv-05922-ODW(SSx) |
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND [15]** |
| v. | |
| INTERCONTINENTAL HOTELS GROUP RESOURCES, INC., | |
| Defendant. | |

### I. INTRODUCTION

Presently before the Court is Plaintiff Joshua Rael's Motion to Remand ("Motion"). (ECF No. 15.) Plaintiff moves to remand this action to Los Angeles Superior Court for lack of subject-matter jurisdiction. (*Id.*) Plaintiff argues that Defendant Intercontinental Hotels Group Resources, Inc. failed to establish diversity jurisdiction under 28 U.S.C. § 1332. (*Id.*) For the reasons that follow, the Court finds that the amount in controversy does not exceed $75,000. Accordingly, Plaintiff's Motion to Remand is **GRANTED.**[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

On May 31, 2018, Plaintiff filed this action in the Superior Court of California, County of Los Angeles, asserting a claim under the California Private Attorneys General Act ("PAGA") for multiple Labor Code violations. (Not. of Removal Ex. B, ECF No. 1-2.) Defendant removed the action to this Court on July 6, 2014, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at 2.) On September 7, 2018, Plaintiff moved to remand this action, which is now before the Court for decision.

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

However, courts strictly construe the removal statute in favor of remand, and there is a "strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted). The party seeking removal bears the burden of establishing federal

jurisdiction. *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

PAGA allows an "aggrieved employee" to bring a civil suit against an employer if the Labor & Workforce Development Agency ("LWDA") fails to investigate an alleged violation. *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1121 (9th Cir. 2013). The aggrieved employee in the PAGA action receives 25% of the collected penalties while the state via the LWDA receives the remaining 75%. *See* Cal. Lab. Code § 2699(i). Moreover, under PAGA, an aggrieved employee can seek $100 for each initial violation per pay period and $200 dollars for each subsequent violation. Cal. Lab. Code § 2699(f)(2).

## IV. DISCUSSION

This case boils down to a single question: whether the total penalty amount in a PAGA action may be aggregated between the Plaintiff and the LWDA to determine the amount in controversy.

### A. Amount in Controversy

Plaintiff contends that the "amount in controversy" calculation should be limited to the 25% penalty payable to Plaintiff after prevailing on his PAGA claim. (Mot. at 4.)

The Ninth Circuit has not squarely considered the issue, nor have the California state appellate courts. District court decisions are split as to whether the Ninth Circuit's opinion in *Urbino* requires disaggregating the LWDA's portion of the penalties from the individual plaintiff's in calculating the jurisdictional minimum. Under one school of thought, the defendant employer owes an obligation to both the plaintiff and the LWDA to obey the California Labor Code. Accordingly, a single violation should be considered to give rise to a single penalty obligation to both "at the same time and in the same way." *Patel v. Nike Retail Servs., Inc.*, 58 F.Supp. 3d 1032, 1047–48 (N.D. Cal. 2014); *accord Mitchell v. Grubhub Inc.*, No. CV 15-05465-

BRO(ASx), 2015 WL 5096420, at *6 (C.D. Cal. Aug. 28, 2015) (concluding that the entire amount of penalties for plaintiff's PAGA claims is utilized to calculate the amount in controversy).

The other argument, with which the Court agrees, is the more persuasive reading of *Urbino* is that neither the share of other workers nor the LWDA share shall be considered. The following language from *Urbino* offers substantial support for this conclusion:

> Defendants contend however that the interest Urbino asserts is not his individual interest but rather the state's collective interest in enforcing its labor laws through PAGA. . . . To the extent Plaintiff can—and does—assert anything but his individual interest, however, we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction. The state, as the real party in interest, is not a "citizen" for diversity purposes. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) (courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *see also Moor v. Cnty. of Alameda*, 411 U.S. 693 (1973) (explaining that "a State is not a 'citizen' for purposes of the diversity jurisdiction"). Accordingly, the federal courts lack subject matter jurisdiction over this quintessential California dispute.

*Urbino*, 726 F.3d at 1122-23. This language implies that, whether the state is deemed a nominal party or a real party in interest, its interest is not considered in determining the jurisdictional minimum. A contrary reading would conflict with the reasoning underlying *Urbino*. An inconsistent analysis would be required if a district court, which is not to consider the claims of other represented workers to be "common and undivided" with those of a PAGA litigant, were to take a contrary approach by considering the state's "collective interest." Several other district courts have reached the same conclusion. *See Garrett v. Bank of Am., N.A.*, No. 13-cv-05263-JST, 2014 WL 1648759, at *6 (N.D. Cal. Apr. 24, 2014); *Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1155 (C.D. Cal. 2013); *Willis v. Xerox Bus. Servs., LLC*, No. 1:13-cv-01353-LJO-JLT, 2013 WL 6053831, at *9 (E.D. Cal. Nov. 15, 2013) ("the Court finds no logical support that Defendant, while precluded from relying upon the

total amounts awardable under PAGA when evaluating the amount in controversy, may rely upon the 75% of the total amount payable to the LWDA, to demonstrate the $75,000 threshold."); *Main v. Dolgen California, LLC*, No. 2:13-cv-01637-MCE-KJN, 2013 WL 5799019, at *3 (E.D. Cal. Oct. 28, 2013).

At bottom, Defendant's preferred approach would put $89,950 in controversy by aggregating penalties and adding attorney's fees, while Plaintiff's approach would reduce the amount in controversy to $44,387.50, which represents 25% of the total penalty plus attorney's fees. Given that the total penalty cannot be aggregated to determine the jurisdictional minimum, the amount in controversy is not met and the Court therefore lacks subject matter jurisdiction over this case.

### V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (ECF No. 15.) is **GRANTED** and this case is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

March 1, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**